UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CHARLES EDWARD ROBINSON, III**  **CIVIL ACTION NO. 23-0572**

**SECTION P**

**VS.**

**JUDGE TERRY A. DOUGHTY**

**MOREHOUSE PARISH SHERIFF'S**  **MAG. JUDGE KAYLA D. MCCLUSKY**
**DEPARTMENT, ET AL.**

### REPORT AND RECOMMENDATION

Plaintiff Charles Edward Robinson, III, a prisoner at Morehouse Parish Jail proceeding pro se and in forma pauperis, filed this proceeding on approximately April 19, 2023, under 42 U.S.C. § 1983. He names the following defendants: Morehouse Parish Sheriff's Department, Sheriff Mike Tubbs, Chief Brown, and Warden Douglas.[1] For reasons that follow, the Court should dismiss Plaintiff's claims.

### Background

Plaintiff claims that he is subject to the following conditions of confinement: (1) the "shower area" is covered in black mold, and there is black mold "all around the sinks" and on the ceiling; (2) when it rains, water leaks from a wall, a light fixture in the shower, a ceiling, and a broken window on a back door; (3) "there is rust on the air vents and return vents"; (4) bunks are full of rust and also lack ladders; (5) there is "a camera pointing toward the shower area"; (6) food is brought to the jail in a van which also transports inmates and which is never cleaned; (7) "all three cutting boards have mildew on them"; (8) there are rats in the annex kitchen; (9) there

---

[1] This matter has been referred to the undersigned for review, report, and recommendation under 28 U.S.C. § 636, and the standing orders of the Court.

is rat "manure all over the tables where they make the rolls and cinnamon rolls"; (10) there are rats in the room where inmates' property is stored, which eat inmates' food when the inmates are in administrative segregation; (11) "water stays in the bathroom area at the annex, and it smells like" a sewer; (12) there are cockroaches in the dormitory; (13) windows are screwed shut and pose fire hazards; and (14) the hot water in the annex kitchen has black particles in it. [doc. # 1, pp. 3-4]. In an amended pleading, Plaintiff claims that "trays have black mold on the inside and on the lids, which staff observe on a daily basis." [doc. # 5, p. 2].

Plaintiff alleges that the water leaking from a light fixture in the shower poses an immediate electrocution hazard. [doc. # 5, p. 1]. He alleges that mold and dust in "living quarters and vents pose grave health hazards such as respiratory disease, etc." *Id.* at 2.

Plaintiff faults Sheriff Mike Tubbs, Chief Brown, and Warden Douglas for "allowing the adverse conditions mentioned" above. [doc. # 5, p. 1]. He adds: "The Morehouse Parish Jail and Annex are under their control . . . ." *Id.*

Plaintiff suffers from mental anguish. [doc. # 5, p. 1]. On May 15, 2023, he sought medical care for a fever and headache, which he claims were indicative of an infection caused by black mold. *Id.* at 2. Plaintiff seeks compensation for exposure to black mold, contaminated sewer water, rodents, bacteria-prone food, food which is improperly handled and transported, and dust. [doc. #s 1, pp. 3, 5; 5, p. 2].

**Law and Analysis**

**1. Preliminary Screening**

Plaintiff is a prisoner who has been permitted to proceed in forma pauperis. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is

subject to preliminary screening pursuant to 28 U.S.C. § 1915A.[2] *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir. 1998) (*per curiam*). Because he is proceeding in forma pauperis, his Complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim on which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. Courts are also afforded the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless. *Id.*

A complaint fails to state a claim on which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); accord *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). A claim is facially plausible when it contains sufficient factual content for the court "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 570). Plausibility does not equate to possibility or probability; it lies somewhere in between. *Id.* Plausibility simply calls for enough factual allegations to raise a reasonable expectation that discovery will reveal evidence to support the elements of the claim. *Twombly*, 550 U.S. at 556.

---

[2] Under 28 U.S.C. § 1915(h), "'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program."

Assessing whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal, supra.* A well-pled complaint may proceed even if it strikes the court that actual proof of the asserted facts is improbable and that recovery is unlikely. *Twombly, supra*.

In making this determination, the court must assume that all of the plaintiff's factual allegations are true. *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998). However, the same presumption does not extend to legal conclusions. *Iqbal, supra.* A pleading comprised of "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" does not satisfy Rule 8. *Id.* "[P]laintiffs must allege facts that support the elements of the cause of action in order to make out a valid claim." *City of Clinton, Ark. v. Pilgrim's Pride Corp*, 632 F.3d 148, 152-53 (5th Cir. 2010). Courts are "not free to speculate that the plaintiff 'might' be able to state a claim if given yet another opportunity to add more facts to the complaint." *Macias v. Raul A. (Unknown) Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

A hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991). A district court may dismiss a prisoner's civil rights complaint as frivolous based upon the complaint and exhibits alone. *Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

"To state a section 1983 claim, a plaintiff must (1) allege a violation of a right secured by the Constitution or laws of the United States and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law." *Whitley v. Hanna*, 726 F.3d 631, 638 (5th Cir. 2013) (internal quotation marks omitted). Consistent with the standard above, a "[S]ection 1983 complaint must state specific facts, not simply legal and constitutional conclusions." *Fee v. Herndon*, 900 F.2d 804, 807 (5th Cir. 1990).

**2. Limitation on Recovery Under 42 U.S.C. § 1997e(e)**

As above, Plaintiff seeks compensation for exposure to black mold, contaminated sewer water, rodents, bacteria-prone food, food which is improperly handled and transported, and dust. [doc. #s 1, pp. 3, 5; 5, p. 2].

Under 42 U.S.C. § 1997e(e), "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of Title 18)." "[I]t is the nature of the relief sought, and not the underlying substantive violation, that controls: Section 1997e(e) applies to all federal civil actions in which a prisoner alleges a constitutional violation, making compensatory damages for mental or emotional injuries non-recoverable, absent physical injury." *Geiger v. Jowers*, 404 F.3d 371, 375 (5th Cir. 2005). "The 'physical injury' required by § 1997e(e) 'must be more than de minimus [sic], but need not be significant.'" *Harper v. Showers*, 174 F.3d 716, 719 (5th Cir. 1999) (*quoting Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997)).

Here, Plaintiff 'brought' this action when he was incarcerated. [doc. #s 1, p. 2; 1-2]. In addition, he 'brought' this action seeking monetary compensation for only mental, emotional, and de-minimis physical injuries he suffered while in custody.

Plaintiff does allege that on May 15, 2023, he sought medical care for a fever and headache, which he claims were indicative of an infection caused by black mold. [doc. # 5, p. 2]. However, even assuming *arguendo* that these are greater-than-de minimis physical injuries, he does not allege that he suffered these injuries *prior* to filing this proceeding almost a month earlier on approximately April 19, 2023. [doc. # 1, p. 5]. As above, "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental

or emotional injury suffered while in custody without a *prior showing* of physical injury . . . ." 42 U.S.C. § 1997e(e) (emphasis added).³

Further, and even assuming Plaintiff suffered physical injuries prior to bringing this proceeding, he does not plausibly allege that his headache and fever from a possible unknown infection amount to more-than-de minimis injuries. *See Kossie v. Crain*, 354 F. App'x 82, 83 (5th Cir. 2009) (finding headaches de minimis); *Amir-Sharif v. Dallas Cty.*, 2006 WL 2860552, at *7 (N.D. Tex. Oct. 5, 2006) ("Sleep deprivation, headaches and weight loss amount to de minimis physical injuries without more."); *Grizzle v. McIntire*, 2022 WL 17818101, at *18 (N.D. Tex. Oct. 31, 2022), *appeal dismissed,* 2023 WL 3932325 (5th Cir. May 16, 2023) (recounting similar cases and deciding that infected cuts were de minimis); *Mayes v. Travis State Jail*, 2007 WL 1888828, at *5 (W.D. Tex. June 29, 2007), *subsequently aff'd,* 2008 WL 4657078 (5th Cir. Oct. 22, 2008) (finding that a sinus infection from mold was de minimis); *Coleman v. LaSalle Corr. Ctr.*, 2008 WL 2465989, at *3 (W.D. La. May 29, 2008) (opining that a staph infection was de minimis).⁴

---

³ *See Fuller v. Butler,* 2016 WL 5107109, at *3 (E.D. Okla. Sept. 20, 2016) ("The Prison Litigation Reform Act (PLRA) requires physical damages prior to bringing suit in federal court."); *Hoskins v. Craig*, 2011 WL 5547460, at *2 (S.D. Ill. Nov. 15, 2011) ("Inmates are prohibited from bringing claims for emotional suffering without a showing of an actual physical injury that occurred prior to the suit being brought."); *Miller v. Baldwin Cnty.,* 2013 WL 1499566, at *4 (S.D. Ala. Mar. 15, 2013), report and recommendation adopted, 2013 WL 1499561 (S.D. Ala. Apr. 10, 2013) ("Allegations of 'physical manifestations of mental or emotional injuries' do not satisfy the physical injury requirement because the physical injury is required to occur prior to the sustaining of the mental or emotional injury."); *see generally Hawkins v. Trents Flying Serv.*, 45 F. App'x 325 (5th Cir. 2002) ("Further, although the complaint speculates that medical care may or will be necessary in the future, it makes no allegation of a prior physical injury, as required under the PLRA.").

⁴ The Fifth Circuit Court of Appeals once stated that the following injuries from alleged exposure to toxic mold "*may* be sufficient" physical injuries under Section 1997e(e): "headaches, sinus problems, trouble breathing, blurred vision, irritated eyes, and fatigue[.]" *Smith v. Leonard*, 244 F. App'x 583, 584 (5th Cir. 2007) (unpublished) (emphasis added). However, *Smith* is

In addition, Plaintiff does not allege that he was a victim of a "sexual act" as defined in 18 U.S.C. § 2246.

Overall, Plaintiff does not plausibly allege that he suffered physical injuries before he filed this proceeding, that he suffered a greater-than-de-minimis physical injury, or that he suffered any other injury or damage compensable by monetary relief. Accordingly, the Court should dismiss Plaintiff's requests for compensatory relief. As Plaintiff does not seek any other cognizable relief for his claims, the Court should dismiss them.

### Recommendation

For the reasons above, **IT IS RECOMMENDED** that Plaintiff Charles Edward Robinson, III's claims be **DISMISSED** as frivolous and for failing to state claims on which relief may be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See*

---

unpublished and "is not precedent[.]" *Id.* Further, Plaintiff's alleged injuries here (a fever and a headache) are, absent more, fewer and less severe than the injuries listed in *Smith*.

*Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

In Chambers, Monroe, Louisiana, this 7th day of July, 2023.

*[signature: Kayla D. McClusky]*

Kayla Dye McClusky
United States Magistrate Judge